UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Jane Doe

Pro Se Plaintiff,

v.

Doug Collins, Secretary of Veterans Affairs,

Defendant.

District Court Case No.: 1:25-cv-01196-RDM

Appellate Case No.: USCA Case No. 25-5142

**EMERGENCY MOTION TO DISQUALIFY JUDGE MOSS AND DECLARE DOCKET STRUCTURALLY TAINTED**

## I. INTRODUCTION

Plaintiff, proceeding pro se, respectfully moves this Court to immediately disqualify the Honorable Judge Randolph D. Moss from further involvement in this matter and to declare the present docket structurally and constitutionally tainted due to improper jurisdictional rulings, retaliatory orders issued in response to appellate filings, and procedural manipulation inconsistent with the due process protections afforded under the United States Constitution.

Plaintiff additionally requests that all further proceedings be stayed pending higher court review, and that no additional rulings be entered on this docket until constitutional oversight can be restored.

## II. BACKGROUND AND PROCEDURAL HISTORY

1. Plaintiff filed this civil rights action following extensive retaliation, procedural obstruction, and medical endangerment by the Department of Veterans Affairs and affiliated actors.

**RECEIVED**

MAY 6 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

2. On April 21, 2025, Plaintiff filed an interlocutory appeal with the U.S. Court of Appeals for the District of Columbia Circuit, asserting violations of the First, Fifth, and Fourteenth Amendments, the ADA, the Rehabilitation Act, and other federal protections.

3. On April 25, 2025, Plaintiff submitted a formal Emergency Objection and Motion to Stay Proceedings, asserting that jurisdiction had been transferred to the appellate court pursuant to Griggs v. Provident Consumer Disc. Co., 459 U.S. 56 (1982).

4. That same filing included a 16-page factual and legal memorandum citing:

    - Caperton v. Massey Coal, 556 U.S. 868 (2009) (judicial bias),
    
    - DeFries, Apostol, and other controlling precedent affirming that district courts may not rule on matters actively pending in appellate court.

5. Plaintiff also filed a motion to preserve her in forma pauperis (IFP) status, which had already been granted in prior proceedings. She cited:

    - Coppedge v. United States, 369 U.S. 438 (1962),
    
    - Bonilla v. DOJ, 679 F. App'x 51 (2d Cir. 2017),
    
    - And Local Rule 83.16(b), which permits continuation of IFP for related matters.

6. On May 2, 2025, despite being named in an appellate record and knowing that jurisdiction was under appellate review, Judge Moss issued two retaliatory minute orders:

    - One denying Plaintiff's Motion to Stay,
    
    - And one denying her IFP, claiming insufficient information and asserting that the appeal was "frivolous."

7. Shortly after the April 21, 2025 notice of appeal, Plaintiff received a mailed notice from the D.C. Circuit Court of Appeals, stating that she had until May 28, 2025 to establish jurisdiction. This confirms that appellate review is active, recognized, and pending final determination—making Judge Moss's May 2 rulings procedurally improper and jurisdictionally unsound.

### III. JUDICIAL CONFLICT, RETALIATION, AND LOSS OF IMPARTIALITY

Judge Randolph D. Moss is no longer positioned to render impartial decisions in this matter. His actions, timing, and refusal to acknowledge valid appellate process demonstrate not mere error, but active conflict, retaliatory discretion, and a chilling disregard for constitutional boundaries.

### A. Retaliation Following Named Appeal

On April 21, 2025, Plaintiff filed a formal notice of interlocutory appeal with the U.S. Court of Appeals for the D.C. Circuit, explicitly naming Judge Moss as a party whose actions formed the basis of constitutional injury. This filing included claims of:

- Procedural retaliation,

- Concealed sanctions,

- Docket manipulation, and

- Violations of ADA, Fifth Amendment, and due process principles.

Shortly thereafter, Judge Moss issued two minute orders on May 2, 2025, denying:

1. Plaintiff's Motion to Stay (which was jurisdictionally under appeal), and

2. Plaintiff's Motion for Leave to Proceed In Forma Pauperis—despite a pre-existing IFP status and a legally sufficient motion on file.

These actions were taken after Moss became a named respondent in an active federal appeal and represent a clear act of retaliation under color of judicial authority.

> Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009):
> A judge must recuse where there is a "constitutionally intolerable risk of bias."

### B. Violation of Griggs Jurisdictional Rule

> Griggs v. Provident Consumer Disc. Co., 459 U.S. 56 (1982):
> "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."

Despite this controlling precedent, Judge Moss issued final rulings on matters under active appellate consideration, while knowing:

- That jurisdiction had transferred,

- That he was personally named in the appeal, and

- That the D.C. Circuit had already set a response deadline of May 28, 2025 to assess jurisdictional sufficiency.

Moss's May 2 rulings violated both the spirit and letter of Griggs—and served only to discredit Plaintiff and collapse her procedural path to review.

### C. Improper Denial of In Forma Pauperis

Judge Moss denied Plaintiff's IFP motion by claiming it lacked proper documentation. But Plaintiff had:

- Previously been granted IFP by the D.C. Superior Court,

- Filed a full legal memorandum on April 25, 2025 citing:

    - Coppedge v. United States,

    - Bonilla v. DOJ,

    - Boddie v. Connecticut,

    - 28 U.S.C. § 1915,

    - And Local Rule 83.16(b).

His failure to acknowledge this filing—let alone its legal citations—demonstrates a pattern of willful disregard for controlling law and intentional obstruction of appellate access.

### D. Appearance of Structural Bias

Where a judge issues concealed rulings, alters the docket mid-proceeding, denies access to court without due process, and punishes a litigant for seeking appellate review, that judge has compromised the constitutional integrity of the case.

The appearance of bias here is no longer speculative—it is fully documented.

Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988):
"[T]he appearance of bias undermines public confidence in the judicial system and requires recusal."

## IV. RELIEF REQUESTED

In light of the ongoing constitutional violations, retaliatory rulings, and jurisdictional misconduct outlined above, Plaintiff respectfully requests the following emergency relief:

### A. Immediate Disqualification of Judge Randolph D. Moss

Pursuant to 28 U.S.C. § 455(a) and (b)(1), Plaintiff requests that Judge Moss be disqualified from all further proceedings in this case. His actions have created both actual bias and the appearance of impropriety, and continued judicial oversight would violate Plaintiff's due process rights.

- He has issued rulings after being named in an appellate filing.
- He has ruled on matters pending appellate jurisdiction.
- He has denied Plaintiff's IFP status without addressing the legal record.
- He has concealed rulings within sealed dockets.

These actions constitute structural conflict, procedural coercion, and retaliation under color of judicial authority.

Caperton v. A.T. Massey, 556 U.S. 868
Liljeberg v. Health Services, 486 U.S. 847
28 U.S.C. § 455(b)(1) – A judge shall disqualify himself where he has personal bias or prior involvement in the matter in controversy.

### B. Stay of All Proceedings Pending Appellate Review

Plaintiff requests an immediate stay of all proceedings until the D.C. Circuit Court of Appeals resolves the jurisdictional issue currently under review, due May 28, 2025.

Under Griggs v. Provident, the Court is already divested of jurisdiction over the issues on appeal, and any further rulings risk tainting the record and prejudicing Plaintiff's right to review.

### C. Formal Acknowledgment that Jurisdiction Is Transferred

Plaintiff requests a formal written acknowledgment that jurisdiction over the appealed issues has transferred to the appellate court, and that no further orders will be entered on those matters.

This is necessary to preserve judicial integrity and to prevent confusion, manipulation, or sealed retaliation while appellate review is pending.

### D. Referral to Chief Judge for Administrative Oversight

Plaintiff respectfully requests that this case be administratively reassigned to another Article III judge not implicated in the appellate filing, and that the record be preserved for possible review by the Judicial Council or Chief Judge of the D.C. District Court.

This referral is necessary to ensure transparency, restore constitutional order, and protect the litigant from further structural retaliation.

### E. Recognition of Procedural and Constitutional Harm

Plaintiff further requests that the Court:

- Recognize that Plaintiff's IFP status has been wrongfully denied,

- Acknowledge that sealed sanctions were issued without proper notice,

- Preserve the April 25, 2025 record of emergency filings as part of the jurisdictional history, and

- Formally document that Plaintiff's rights under the First, Fifth, and Fourteenth Amendments have been implicated by the current docket's handling.

## V. NOTICE OF CONSTITUTIONAL ESCALATION AND RULE 22 FILING BEFORE THE SUPREME COURT

Plaintiff respectfully places on the record that as of Tuesday, May 6, 2025, she has filed an Emergency Application under Supreme Court Rule 22 with the Honorable Chief Justice John G. Roberts, Jr., Circuit Justice for the Fourth Circuit and Chief Justice of the United States. This application, filed in connection with Plaintiff's pending appellate matter (Appeal No. 25-1343),

describes in detail the constitutional crisis now facing Plaintiff, and includes specific references to the retaliatory, obstructive, and procedurally improper actions of Judge Randolph D. Moss.

While Judge Moss is not a named respondent in that filing, his conduct is materially implicated as part of a pattern of judicial retaliation, sealed docket manipulation, and retaliatory rulings issued after appellate jurisdiction transferred. The record reflects that he issued two minute orders on May 2, 2025—after Plaintiff filed an interlocutory appeal to the D.C. Circuit, and after Plaintiff began seeking relief through higher judicial channels.

> The mere inclusion of a judge's conduct in a Supreme Court Rule 22 application—when that judge is the subject of constitutional concern—triggers an immediate conflict of interest under 28 U.S.C. § 455(b)(1), even in the absence of formal naming as a respondent.

Accordingly, Judge Moss is no longer in a position to rule neutrally on any aspect of this case. His continued involvement—knowing that the highest court in the United States is now reviewing filings implicating his conduct—creates an ongoing appearance of partiality, judicial entrenchment, and retaliatory conflict that renders this docket unsafe and constitutionally invalid.

Furthermore, Plaintiff hereby provides notice that she is preparing a standalone Rule 22 emergency application specifically addressing Judge Moss's conduct, for delivery to the Supreme Court within the coming days. That application will formally invoke the Court's supervisory power under:

- Supreme Court Rule 22,

- 28 U.S.C. § 1651(a) (All Writs Act),

- 28 U.S.C. § 2106, and

- Constitutional authority under the First, Fifth, and Fourteenth Amendments.

This is not procedural escalation for its own sake. It is the exercise of Plaintiff's right to protect her life, her access to court, and the integrity of her federal record.

> Judge Moss is no longer merely a judicial actor in this case. He is now the subject of a constitutional escalation under emergency Supreme Court review. His continued rulings in this matter—while knowing that review is underway—amount to judicial defiance of oversight and create an unacceptable risk of irreparable harm.

**Supporting Constitutional and Statutory Authority**

Plaintiff's decision to escalate to the Supreme Court is not speculative. It is grounded in long-standing constitutional doctrine and federal statutory law.

> 28 U.S.C. § 455(b)(1):
> A judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned… or where he has personal knowledge of disputed evidentiary facts concerning the proceeding.
>
> 28 U.S.C. § 1651(a) – All Writs Act:
> "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."
>
> 28 U.S.C. § 2106:
> The Supreme Court or any court of appeals may affirm, modify, vacate, or remand any judgment lawfully before it and require such further proceedings to be had as may be just under the circumstances.
>
> Boddie v. Connecticut, 401 U.S. 371 (1971):
> "A State may not constitutionally deny access to its courts to individuals simply because of their poverty."
>
> Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009):
> Due process is violated when a judge who is materially involved in the matter refuses to recuse while their own conduct is being reviewed.
>
> Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982):
> Jurisdiction transfers to the appellate court upon notice of appeal. The district court may not continue ruling on the same matters under review.
>
> Mathews v. Eldridge, 424 U.S. 319 (1976):
> Procedural due process requires meaningful opportunity to be heard before further deprivation of constitutional rights occurs.

These authorities do not simply support disqualification. They demand it, especially in light of Plaintiff's status as:

- A pro se litigant,

- A disabled combat veteran,

- A rape survivor,

- And a person under active judicial and federal retaliation.

This Court's continued exercise of power over this docket—while knowing that appellate and Supreme Court review is pending, active, and expanding—creates an intolerable risk of constitutional harm and violates the rights protected under the First, Fifth, Eighth, and Fourteenth Amendments.

---

**Attached Filing: Rule 22 Emergency Application**

**Attached Filing: Rule 22 Emergency Application Filed May 6, 2025**

Attached to this motion is a copy of the Rule 22 Emergency Application that was physically delivered to the Clerk's Office of the Supreme Court of the United States on May 6, 2025. As the Court is aware, public access to the Supreme Court is restricted, and filings must be submitted through designated drop-off with the Clerk's Office.

Prior to delivery, Plaintiff contacted the Clerk's Office to confirm the correct procedures and physical drop-off location. The application was hand-delivered today in accordance with those instructions.

When a stamped copy is returned, Plaintiff will promptly upload that version for the record. In the meantime, this attached copy represents the exact version submitted.

This Rule 22 filing forms part of the constitutional record and supports the present request for judicial disqualification, docket reassignment, and emergency protective oversight.

## VI. CONCLUSION

Plaintiff has exhausted every legal, administrative, and constitutional avenue available. She has complied with procedural requirements, filed emergency motions in multiple jurisdictions, and now escalated her plea to the Supreme Court of the United States.

Despite these efforts, Plaintiff continues to suffer ongoing retaliation, procedural sabotage, and judicial misconduct under the authority of a judge who is now materially implicated in constitutional emergency filings before the highest court in the nation.

Judge Moss has:

- Issued retaliatory rulings after being named in an appellate record;
- Denied IFP status while ignoring controlling law;

- Acted after jurisdiction was transferred to the appellate court;

- Concealed sanctions in sealed dockets;

- And refused to acknowledge the constitutional, medical, and procedural crisis unfolding in this case.

These actions are not harmless. They are structural violations of Plaintiff's rights under the First, Fifth, and Fourteenth Amendments.

The record before this Court—and now before the Supreme Court—demonstrates that continued judicial oversight by Judge Moss is both improper and dangerous.

Accordingly, Plaintiff respectfully requests the immediate relief detailed above, and reminds this Court that failure to act at this stage would not be procedural neutrality—it would be constitutional complicity.

Let the record show:

Plaintiff has preserved her rights.
Plaintiff has preserved the truth.
Now the Court must preserve the Constitution.

**Supporting Authorities:**

---

**Statutes & Rules:**

- 28 U.S.C. § 455(a), (b)(1) – Judicial Disqualification

    A judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned, or where he has personal knowledge of disputed facts.

- 28 U.S.C. § 1651(a) – All Writs Act

    The Supreme Court and all courts established by Congress may issue all writs necessary or appropriate in aid of their jurisdiction.

- 28 U.S.C. § 2106 – Judicial Supervisory Authority

Allows appellate courts to remand, modify, or take appropriate action to secure justice.

- Fed. R. Civ. P. 1

    The rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

- Fed. R. App. P. 24(a)(3) – Continuing In Forma Pauperis Status on Appeal

    If a party was permitted to proceed IFP in the district court, that status continues on appeal unless revoked.

- D.C. Local Civil Rule 83.16(b)

    Confirms that IFP status may continue in related matters without reapplication.

---

**Key Precedents:**

- Griggs v. Provident Consumer Disc. Co., 459 U.S. 56 (1982)

    Filing an appeal transfers jurisdiction from the district court to the appellate court.

- Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)

    Judicial recusal is required where a judge's conduct or involvement raises a constitutionally intolerable risk of bias.

- Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988)

    The appearance of bias undermines public confidence in the judicial system and requires vacatur or reassignment.

- Coppedge v. United States, 369 U.S. 438 (1962)

    In forma pauperis status, once granted, continues through appeal unless revoked by the court.

- Boddie v. Connecticut, 401 U.S. 371 (1971)

  Courts cannot deny access to justice based solely on financial status.

- Mathews v. Eldridge, 424 U.S. 319 (1976)

  Due process demands notice and a meaningful opportunity to be heard before constitutional rights are affected.

- Apostol v. Gallion, 870 F.2d 1335 (7th Cir. 1989)

  Once an appeal is filed, the trial court must halt proceedings related to the matters on appeal.

- Bonilla v. U.S. Dept. of Justice, 679 F. App'x 51 (2d Cir. 2017)

  A pro se litigant with IFP status retains that status on appeal unless it is specifically revoked.

"Justice must not only be done—it must be seen to be done."
—Lord Hewart, often cited by U.S. courts on recusal and impartiality

Jane Doe

*/s/ Jane Doe*

6 May 2025